UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIE SRAMCIK,<br>    Plaintiff,<br><br>v.<br><br>PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY and UNUM GROUP,<br>    Defendants | CIVIL ACTION NO. 1:23-CV-12165 |

## NOTICE OF REMOVAL

Defendants, Provident Life and Accident Insurance Company ("Provident") and Unum Group, ("Unum") pursuant to 28 U.S.C. §§ 1441 and 1446, et seq., removes this civil action commenced in the Superior Court of Suffolk County, Commonwealth of Massachusetts Docket No. 2384CV01741 to this Court. In support of removal, Defendants state:

    **I.**    **REMOVAL TO THIS DISTRICT IS PROPER AND TIMELY**

    1.    Plaintiff, Julie Sramcik, commenced this Action by filing the Complaint (appended hereto as **Exhibit 1,** a copy of Notice of Service of Process, **Exhibit 2,** a copy of the Complaint and **Exhibit 3**, a copy of the state court docket) in the Superior Court of Suffolk County, Commonwealth of Massachusetts, on or about July 31, 2023. Plaintiff alleges three counts: Count I, Violation of M.G.L. c. 93A §§2 & 9 , Count II, Breach of Contract and Count III, Breach of the Covenant of Good Faith and Fair Dealing. *See* **Exhibit 2**, Complaint at Counts I-III.

    2.    Plaintiff alleges she was issued two policies of disability insurance from Provident. **Exhibit 2**, Complaint ¶ 7.

3. Upon information and belief, both policies were issued as part of an employee benefit plan provided by either Yale New Haven Hospital or Yale University School of Medicine.

4. Plaintiff alleges she became Totally Disabled on February 22, 2019. *Id*. at ¶ 42.

5. Upon Information and belief the policies provide a monthly benefit for Total Disability in the amount of $9,100.

6. Plaintiff made a claim under the policies alleging that she was Totally Disabled under both policies. *Id*. at ¶¶ 45 & 46.

7. The claim was subsequently denied by Provident on December 15, 2020. *Id.* at ¶ 17.

8. Defendants accepted service of the Complaint on August 30, 2023. **Exhibit 1**.

9. Defendants have reasonably complied with 28 U.S.C. §1446 (a) and (b) by attaching all "process, pleadings and orders served upon" it, at **Exhibit 1, 2 and 3**.

10. Beyond the filing of the Complaint, there have been no other proceedings in the Superior Court to the knowledge of Defendants. **Exhibit 3.**

    II.    **STATUTORY BASIS FOR ORIGINAL JURISDICTION**

        A.    **Federal Question Jurisdiction Exists.**

11. The Plaintiff's claims under the policies arise out of two employee welfare benefit plans within the meaning of, and subject to and regulated by the Employee Retirement Income Security Act ("ERISA"), 29 U. S. C. § 1001 et seq.

12. Because this matter is an action arising under federal law of which this Court has original federal question jurisdiction, as authorized by 28 U.S.C. §1331, it is subject to removal under 28 U.S.C. §1441(b).

### B. Complete Diversity Exists Between All Properly Joined Defendants.

13. The Plaintiff is alleged to be a resident of the state of New Hampshire. *See* **Exhibit 2**, Complaint at ¶ 4.

14. Provident is an insurance company organized under the laws of Tennessee. Its principal place of business is Chattanooga, Tennessee. *Id.* at ¶6.

15. Unum is an insurance holding company organized under the laws of Delaware. Its principal place of business is Chattanooga, Tennessee. *Id.* at ¶5.

16. Complete diversity of citizenship exists between Plaintiff and Defendants.

### C. The Amount in Controversy Requirement is Satisfied.

17. Plaintiff's Complaint seeks payment of disability insurance benefits of $9,100.00 per month from December 15, 2020 to date and additional future benefits under both policies including costs, interest, attorney's fees, and multiple damages. *See,* **Exhibit 2,** Complaint, Prayer For Relief, pp. 22-23.

18. Accordingly, the amount in dispute exceeds $75,000.00, exclusive of interest and costs.

### III. ALL OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

19. Because there is federal question jurisdiction, or in the alternative, sufficient diversity, discussed supra, and requisite amount in controversy exists, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 1332(a).

20. This Action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a).

21. Pursuant to 28 U.S.C. § 1446(b), this removal is timely filed as it comes within thirty days after the receipt by Defendants, through service or otherwise, of the initial pleading setting forth the claims for relief.

22. The Superior Court of Suffolk County, Commonwealth of Massachusetts is located within the District of Massachusetts. Removal is proper in this Court pursuant to 28 U.S.C. § 1441(a) because this is the "district and division embracing the place where such action is pending."

23. Pursuant to 28 U.S.C. § 1446(d), Defendants on this day are filing a copy of this Notice of Removal with the Superior Court of Suffolk County, Commonwealth of Massachusetts and serving due notice on Plaintiff's Counsel.

WHEREFORE, Defendants respectfully request that this action stand removed from the Superior Court of Suffolk County, Commonwealth of Massachusetts to this Court.

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY and UNUM GROUP

By their attorneys,

/s/ J. Christopher Collins
J. Christopher Collins, BBO #092410
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 860-1524
Fax:   (508) 983-6372
ccollins@mirickoconnell.com

Dated: September 22, 2023

CERTIFICATE OF SERVICE

      I, J. Christopher Collins, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 22, 2023

                                       /s/ J. Christopher Collins
                                       J. Christopher Collins